# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LILLIAN DUCOGNE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-2691-CJB-SS** |
| **HARTFORD INSURANCE COMPANY OF THE MIDWEST** | |

## ORDER

DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

**DENIED**

On September 2, 2011, the plaintiff, Lillian Ducogne ("Ducogne"), filed a petition in the Parish of St. Bernard. She alleges that: (1) she purchased a homeowners policy for a property in Challmette; (2) on August 29, 2005, her home was damaged in Hurricane Katrina; (3) a proof of claim was submitted to the defendant, Hartford Insurance Company of the Midwest ("Hartford"); (4) as of September 2, 2011, she did not receive a good faith tender from Hartford; (5) Hartford breached its contract by not paying for a covered loss after submission of proof of loss; (6) after an October 2005 inspection it failed to make a good faith tender; and (7) she is entitled to the policy limits, penalties, attorneys' fees and damages for emotional distress. Rec. doc. 1 (Attachment). Hartford removed the petition to federal court. It alleges that the amount in controversy exceeds $75,000 because Ducogne seeks the policy limit which is $200,000. Rec. doc. 1.

Hartford contends that Ducogne should be required to provide: (1) the policy number; (2) allegations of her compliance with the conditions precedent to a claim on the policy; (3) the causes of action and any statutes she contends that Hartford violated; and (4) sufficient facts to establish

the factual basis for the causes of action. Rec. doc. 4.

Ducogne responds that because Hartford identified the policy limit as $200,000 with the limits for building coverage, other structures, personal property and loss of use, it is obvious that it possesses the information on the policy issued to her. Ducogne contends that the petition puts Hartford on sufficient notice to the claim.

Pursuant to Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion for a more definite statement is not favored and the motion is granted sparingly. 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 12.36[1] (3d ed. 1997). "In the presence of proper, although general, allegations, the motion will usually be denied on the grounds that discovery is the more appropriate vehicle for obtaining the detailed information." Id. A claim for relief is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Ducogne satisfied the requirements for Rule 8. Discovery is the more appropriate vehicle for Hartford to pursue.

IT IS ORDERED that Hartford's motion for a more definite statement (Rec. doc. 4) is DENIED.

New Orleans, Louisiana, this 21st day of December, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**